## COURT OF APPEALS, JUNE TERM, 1800.

### OWINGS *vs.* GOODWIN.

ERROR to the General Court. It was an action of debt upon a writing obligatory, dated the 15th of November 1785, in the penalty of 4000*l.* current money, conditioned that *Owings,* (the plaintiff in error,) should convey and make over, by a good and sufficient instrument of writing, on or before the 1st of November 1786, the quantity of 4000 acres of patented preemption land, situate and lying in the Kentucky settlement, and commonwealth of Virginia, according to the laws of the said commonwealth, unto *Goodwin,* (the defendant in error,) and to a certain *Thomas Russell,* deceased, whom the said *Goodwin* survived, their heirs and assigns, for ever, as tenants in common. The defendant in the court below, pleaded *general performance*; and the plaintiff replied, that the defendant did not convey and make over, by a good and sufficient instrument of writing, on or before, &c. the said land unto the plaintiff and *Russell,* &c. The defendant was ruled to rejoin to the plaintiff's replication, and omitting to do so, a judgment was rendered against him by default, under the rule, at May term 1795, for the penalty of the bond and costs. The defendant afterwards, on the 20th of December 1797, prosecuted a writ of error, returnable to this court.

*Where an action is brought on a bond with a collateral condition, and the defendant pleads general performance, to which the plaintiff replies, and the defendant being ruled to rejoin makes default, can a judgment he entered for the penalty of the bond without executing a writ of inquiry to ascertain the damages sustained?*

*Ridgely, Hollingsworth* and *Mason,* for the plaintiff in error. *(a)*

*(a)* The Reporters were unable to procure the argument (if any made) of the counsel for the plaintiff in error.

*Martin,* (Attorney General,) for the defendant in error. If in this case the judgment by default had been on a bond for the payment of money, and there had been an execution issued thereon, the court clearly could not interfere, even on a motion to be discharged from the execution. At law, the penalty of the bond is the legal debt; the suit is brought for the penalty, and should the writ be different, the plaintiff must be defeated. At common law, if the condition was not performed, the bond became absolute.—*2. Blk. Com.* 340. This caused the provision in the statute of 4 & 5 *Ann. ch.* 16, *s.* 12, viz. "that if the principal and interest due by the condition of the bond, were paid at any time *before action brought,* it should be as effectual a discharge of the obligor as *if such payment* had been made according to the terms of such condition." Before that statute, if the condition was not performed, the penalty became the debt, and no relief could be had but in equity. All cases then, not within that statute, remain as at common law, and the relief must still be in equity. But this case is not within the statute, for the money here was *not paid* "*before the action brought,*" consequently the obligor, if entitled to relief, must have recourse to chancery. Where a judgment is entered on a bond, the general rule is, to have it entered for the penalty, and that to be released on payment of principal, interest and costs. If the plaintiff will not consent to this, the common law courts have no power to compel him, and the defendant's only remedy is in equity. That a court of common law has no right to interfere is evident; for it may be observed, that in many instances such court would do absolute injustice by interfering. For instance, if the defendant was to apply to equity for relief, it being a rule there *that he who would have equity must do equity,* if he owed the plaintiff any other sum than that secured by the bond, that court would not grant him relief from the penalty of such bond, until he had paid all the debts owing by him to the plaintiff. But that power the common law courts do not possess, and by interfering, without possessing it, they

would do injustice to the plaintiff, the obligee in the bond. Where a merchant has a bond, and an open account against the obligor, he has a right to make the penalty a security for both demands. Authorities may be cited to show, that relief is now granted in cases where it would not formerly have been granted without an *audita querela*. But they have no bearing on the case before the court. An *audita querela* only lies for matter arising after judgment, and which the party had no opportunity before judgment of pleading—3 *Blk. Com.* 405. Here, however, he had an opportunity of making the defence he now sets up before judgment, but omitted doing so. To extend relief on motion to a case in which execution has issued on a judgment by default for the penalty of a bond, would be to overturn the whole system of law applicable to such bonds. It may be said, that the condition of the bond is an agreement on the part of the obligee to accept so much as satisfaction for the penalty, and that the court will see it performed. It may be answered, that that may be said of all bonds; and it may be further answered, that the obligor also agreed, that if he did not comply with the condition he would pay the penalty. But if this is considered only as a bond with a collateral condition, the power of this court to grant relief is subject to the same objections; for if the condition is not performed, the bond is forfeited, and the penalty is as much due as if it was for the payment of money,—2 *Blk. Com.* 340. In neither case could relief be obtained but in a court of equity. By this, both plaintiff and defendant were subjected to inconvenience. The plaintiff might be willing to have a judgment to secure him only what was due, and thereby free himself from a suit in chancery. That however could not be done, because the writ being for the penalty, for that the judgment must be entered. This occasioned the making the statute of 8 and 9 *William III. ch.* 11, *s,* 8, by which a plaintiff may assign as many breaches as he pleases, and have damages assessed for such as are proved to be broken; but then the judgment is entered for

June 1800.
Owings
vs.
Goodwin

the penalty, and stands as a security for the damages found; and in case of future damages, they also may be recovered by a *scire facias* on such judgment. If, however, this court interfere, they will deprive the obligee in this case of that remedy for future damages given him by the statute of *William.* It is immaterial whether in this instance there may or may not be such future damages, the rule of decision must be general, and if the court have a right to reverse this judgment, so have they all others upon bonds with collateral conditions. In a word, at common law the plaintiff had a right to the penalty on non-performance of the condition. He was obliged to enter a judgment for it, it being the sum demanded by the writ; but as this subjected him to a suit in equity, the statute was made to avoid giving the defendant the trouble of seeking relief in equity. As such provision was introduced for his benefit, he may waive it, and if he does, this court have no power to say he shall not. That the plaintiff has a right to the penalty at common law, on the *condition* being forfeited, *Blackstone* is 'in point. But the court will not relieve on motion, if the fact is disputed, but will put the party to his *audita querela.*—1 *Ray.* 439.

THE COURT OF APPEALS, at this term, *affirmed* the judgment *nisi,* and the plaintiff in error, on the 26th of January 1801, obtained an *injunction* from the Court of Chancery to stay proceedings on the same.

See the cases of *Harris and Wilmer* in the Court of Appeals, (E. S.) at June terms, 1817 and 1820.